UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.T.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LELAND DUDEK,[1] Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. 2:24-cv-10688-SHK<br><br>**ORDER DISMISSING COMPLAINT** |

### I.     BACKGROUND

On December 11, 2024, Plaintiff C.T. ("Plaintiff"), who is represented by counsel ("Counsel"), filed a Complaint ("Complaint" or "Compl.") seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying Plaintiff's application for disability benefits under the Social Security Act.  Electronic Case Filing Number ("ECF No.") 1, Compl.

On February 10, 2025, Defendant filed a Motion to Extend the Schedule in the Court's Case Management Order ("Motion").  ECF No. 9, Motion.  The Court

---

[1] Leland Dudek has been appointed the Acting Commissioner of Social Security.  Under Federal Rule of Civil Procedure 25(d), he is automatically substituted as the Defendant in this suit.

1  granted Defendant's Motion the following day ("Order"), which resulted, in
2  relevant part, in Plaintiff's Opening Brief ("Brief") being due on April 11, 2025.
3  ECF No. 10, Order.  Plaintiff did not timely file Plaintiff's opening brief.
4  Therefore, on April 24, 2025, Plaintiff was ordered to show cause ("OSC") by May
5  2, 2025, why this case should not be dismissed for failure to prosecute and follow
6  Court orders.  Plaintiff was instructed that Plaintiff could satisfy the OSC "by
7  filing Plaintiff's Brief by the date stated above." Id. at 1.  Plaintiff was "**warned**
8  **that failure to satisfy th[e] order will result in the case being dismissed for**
9  **failure to prosecute and follow Court orders.**" Id. (emphasis in original).
10       As of the date of this Order, Plaintiff has not filed Plaintiff's Brief as ordered
11  or otherwise participated in this action.

## II.  DISCUSSION

13       District courts have sua sponte authority to dismiss actions for failure to
14  prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v.
15  Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v.
16  U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an
17  action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's
18  failure to prosecute or comply with the Federal Rules of Civil Procedure or the
19  court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering
20  dismissal for failure to comply with court orders).
21       In deciding whether to dismiss for failure to prosecute or comply with court
22  orders, a district court must consider five factors: "(1) the public's interest in
23  expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
24  the risk of prejudice to the defendants; (4) the public policy favoring disposition of
25  cases on their merits; and (5) the availability of less drastic sanctions." Henderson
26  v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza,
27  291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson).
28  "Dismissal is appropriate 'where at least four factors support dismissal, or where at

least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being reminded of Plaintiff's obligation to file Plaintiff's Brief, Plaintiff has failed to do so or to respond to the Court's OSC. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Plaintiff has not offered any excuse for Plaintiff's failure to comply with the Court's orders and respond in a timely manner and this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Despite the Court ordering a response in the OSC and providing sufficient time to respond, Plaintiff has shown Plaintiff is either unwilling or unable to comply with Court orders or otherwise cooperate in prosecuting this action by failing to file responsive documents in the extended time frame allotted.  The Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.").

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has repeatedly defied Court orders, the Court **DISMISSES** this case, without prejudice.

### III.   ORDER

Based on the foregoing, IT IS ORDERED THAT Judgment be entered **DISMISSING** this case without prejudice.

DATED:  05/08/2025

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge